# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | Case Number: 1:09-cr-551-LMM-2 |
| | ) | USM Number: 59363-380 |
| CARLOS MONTEMAYOR | ) | |
| | ) | Stephen M. Reba |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to counts 1, 2, 4, 5, 8, and 9 of the Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and 18 U.S.C. 2 | Conspiracy to Distribute Cocaine | January 31, 2006 | 1 |
| 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii) and 18 U.S.C. 2 | Conspiracy to Import Cocaine | January 31, 2006 | 2 |
| 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii) and 18 U.S.C.2 | Possession with Intent to Distribute Cocaine | July 19, 2005 | 4 |
| 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii) | Possession with Intent to Distribute Cocaine | August 15, 2005 | 5 |
| 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii) | Possession with Intent to Distribute Cocaine | November 15, 2005 | 8 |
| 18 U.S.C. § 1956(h) | Money Laundering Company | November 30, 2005 | 9 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

08/07/2019
Date of Imposition of Judgment

Signature of Judge

LEIGH MARTIN MAY, U. S. DISTRICT JUDGE
Name and Title of Judge

8/7/19
Date

---

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **FOUR HUNDRED ELEVEN (411) MONTHS** as to counts 1, 2, 4, 5, and 8 and **TWO HUNDRED FORTY (240) MONTHS** as to count 9 of the Indictment with all sentences to run concurrently. The sentence on counts 1, 2, 4, 5 and 8 is a sentence of FOUR HUNDRED EIGHTY (480) months, with credit for 58.25 months for the time Defendant spent in Mexican custody plus good time credit for those months, for a total term of imprisonment of four hundred eleven (411) months.

The Court recommends that the defendant be incarcerated at FCI Coleman to be close to his family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ______________________________

at ____________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

______________________________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of (**10**) **YEARS** as to counts 1, 2, 4, 5, and 8 and **(3) YEARS** as to count 9 of the Indictment with all terms of supervision to run concurrently.

Within 72 hours of release from the custody of the Bureau of Prisons, you shall report in person to the probation office in the district to which you are released.

While on supervised release, the defendant must comply with the mandatory conditions adopted by this Court, which shall include the following:

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature ________________________ Date ________________

USPO's Signature ________________________ Date ________________

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following additional standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL CONDITIONS

1. You shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision

# CRIMINAL MONETARY PENALTIES

The defendant shall pay to the United States a special assessment of $600 which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.

| | |
|---|---|
| | Special Assessment |
| TOTAL | $600 |
| | Fine |
| TOTAL | $0 |

## FORFEITURE

It is ordered that all of the defendant's right, title and interest in the property identified in the Judgment and Order of Forfeiture [369] dated August 7, 2019, which is hereby incorporated by reference, is forfeited.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>CARLOS MONTEMAYOR,<br>A/K/A THE DIRECTOR,<br>A/K/A LICENCIADO,<br>A/K/A FOX | Criminal Action No.<br>1:09-CR-551-LMM |

**ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, on November 14, 2018, this Court accepted the guilty plea of the Defendant to Counts One, Two, Four, Five, Eight, and Nine of the Indictment and determined, pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure and based upon the plea, that the Defendant committed offenses involving $192,000,000 in drug proceeds, and

WHEREAS, the United States seeks a personal money judgment against the Defendant in the amount of $192,000,000, and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant shall forfeit to the United States the sum of $192,000,000 pursuant to 21 U.S.C. § 853.

IT IS HEREBY FURTHER ORDERED that, upon the entry of this Order, the United States Attorney General or his designee may conduct discovery to identify,

locate and facilitate the disposition of property subject to forfeiture in accordance with Rule 32.2(b)(3).

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order and that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment; and

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $192,000,000 to satisfy the money judgment in whole or in part.

SO ORDERED THIS 7th day of ~~May~~ August, 2019.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

Submitted by:
Michael J. Brown, Assistant United States Attorney
(404) 581-6000